Allen, J.
delivered the opinion of the Court.
The Court is of opinion, that to constitute a valid bond of the party, the intention to bind himself must appear on the face of the instrument; that the signature and seal form a part thereof, and furnish prima facie evidence that the person so signing and sealing the bond intended to make himself a party thereto, and to be bound by the stipulations thereof; although the name of the party so signing, sealing and delivering the bond, may not be inserted in the penalty or recited in the condition. The case of Bell v. Allen's adm'r, 3 Munf. 118, does not actually decide that the bond there offered in evidence, was not the bond of the security because his name did not appear in the body of the instrument, but it was rejected when offered in evidence, on the ground of an alleged variance between it and the bond described in the declaration. If, however, it is to be inferred that the case was decided upon the ground that the bond was invalid as to the surety for the cause aforesaid, the authority of the case is impaired by the decisions of this Court in the cases of Bartley v. Yates, 2 Hen. & *52 Munf. 398; Beale v. Wilson, 4 Munf. 380 ; Raynolds v. Gore, 4 Leigh 276; and was in effect overruled in Crawford v. Jarrett, 2 Leigh 630. In that case the J name of one of the sureties, Shrewsberry, did not ap- ^ jn ^ jjody 0f the siting • and there was no blank left for the insertion of other names ; which has sometimes been supposed to shew an intention not to exclude other parties who have signed the instrument. Yet the said security was held bound upon proof that he executed the instrument with the intention of becoming a party thereto. In the case of a sealed instrument declared upon, proof of the execution thereof becomes necessary by the plea of non est factum at law ^(or the answer in chancery, if a case in equity,) putting that fact in issue. The circumstance that the writing declared on in Crawford v. Jarrett was not under seal, does not affect the principle involved in this question. The intention to become a party to, and be bound by the instrument, is the fact to be determined in either, case. In this case the execution of the bond by the surety Abraham Beery was not denied by the answer, and therefore in the opinion of the Court, no further proof of its execution was necessary. The fact of execution however is conclusively established by the order of the Gounty court, from which it appears that the principal John Rader appeared in Court, and with Joseph Kratzer and Abraham Beery, gave the security required, which bond was duly acknowledged by the parties thereto and ordered to be certified.
The Court is further of opinion, that as the order of the County court sets forth that the said John Rader appeared in Court, and with the said Kratzer and Beery gave the security as required by the above order, and acknowledged a bond which was ordered to be certified, the bond so acknowledged and certified constitutes a part of the record, and must be taken and construed with the order as shewing what was required by the *53 Court. By the condition of the bond it appears that the said Rader was required to execute a new bond, and in pursuance thereof executed the bond in the bill and proceedings mentioned, and this distinguishes the present from the case of the Greenesville Justices v. Williamson, 12 Leigh 93. In that case the bond not being mentioned in the minute of the Court to have been required, executed or accepted, could not be re-' garded as part of the record; and so the order itself was the true and only record ; and the new bond found in the office could not be looked to or considered for the purpose of ascertaining what was done by the Court. The principal in this case was summoned to appear at the next succeeding Court to give counter security; whereupon he appeared forthwith, and as the condition of the bond shews, being required to execute a new bond, thereupon executed the bond in question, which was received, acknowledged in Court and ordered to be certified. Whatever mode of relief the party may apply for, it is within the discretion of the Court, under the act 1 Rev. Code, chap. 104, § 38, to require counter security or a new bond : and upon the execution of the new bond the securities to the former bond are discharged.
The Court is further of opinion, that although it was irregular to proceed in the original cause until by a decree on the bill of review, the decree sustaining the appellant’s demurrer had been reversed and annulled, yet the irregularity is one more of form than substance. The answer of the appellant applied as well to the bill of review as to the original and amended bills, the cause was heard thereon, and the question of law presented by the bill of review was in effect adjudged by the final decree. The effect upon the rights of the parties is the same as if there had been first a formal order and decree on the bill of review reversing and annulling the *54 former decree, and then a decree giving relief on the original and supplemental bills.
The Court is therefore of opinion, that there is no error in the decree, and it is adjudged and ordered that the same be affirmed with damages and costs to the appellee.